IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA SEGURA, ) | |
| ) | |
| Plaintiff, ) | No. 12 C 7020 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| TLC LEARNING CENTER, and ) | |
| PATRICIA FORKAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On November 2, 2012, plaintiff Cynthia Segura filed a ten-count pro se amended complaint against her former employer, the TLC Learning Center, a private educational institution ("TLC"), and Patricia Forkan, the Executive Director of the TLC Learning Center ("defendants"). Plaintiff alleges violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq; the Americans with Disabilities Act ("ADA"), 42 U.S.C.§ 12101 et seq; Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq; and 42 U.S.C. § 1981 in connection with her termination. She also alleges intentional infliction of emotional distress, in violation of Illinois common law. On January 9, 2013, defendants moved to dismiss each count of the amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons described below, the court grants defendants' motion in part, and denies it in part.

## BACKGROUND

Plaintiff alleges that she began working for defendants in June 2008. In April 2012, plaintiff took a leave of absence from her position as Assistant Director/Kindergarten Teacher to care for her husband, who was suffering from serious medical complications. Plaintiff alleges

that she was granted permission by Forkan to take a leave of absence pursuant to the FMLA. On June 5, 2012, Forkan emailed plaintiff to inform her that there was no longer a position available for plaintiff and that her health insurance would be terminated immediately.

Plaintiff alleges numerous causes of action in connection with her dismissal. She alleges that defendant TLC interfered with her exercise of FMLA rights, and that she was terminated because she exercised her FMLA rights. Plaintiff alleges that defendants discriminated against her because she was associated with an individual with a disability and because of her race and national origin. She also claims that defendants' actions in firing her constitute intentional infliction of emotional distress, and that she has suffered physical, mental, and financial hardship as a result of her termination.

## DISCUSSION

**A.      Legal Standard**

When ruling on a motion to dismiss for failure to state a claim, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. <u>Sprint Spectrum L.P. v. City of Carmel, Indiana</u>, 361 F.3d 998, 1001 (7th Cir. 2004). The pleading must describe the claim in sufficient detail to give the defendants fair notice of what the claim is and the grounds on which the claims rest. The allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above the "speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964–73, 167 L.Ed.2d 929 (2007). The Supreme Court cautions that the allegations within a pro se complaint such as this one, "however inartfully pleaded," are held "to [a] less stringent standard[] than formal pleadings

drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972); see also Maclin v. Paulson, 627 F.2d 83, 86 (7th Cir. 1980).

**B.      Counts I Through IV Against TLC**

Plaintiff's Counts I through IV allege violations related to the FMLA. The FMLA entitles any eligible employee to twelve workweeks of leave during each twelve-month period for certain qualifying reasons, including illness or compelling family reasons. 29 U.S.C. § 2612(a)(1). Under the FMLA, it is unlawful for an employer to interfere with an employee's attempt to exercise any FMLA rights. Id. § 2615(a)(1). It is also unlawful for an employer to retaliate against an employee who exercises FMLA rights. See id. § 2615(a)(2). Count I of the amended complaint alleges that TLC illegally interfered with plaintiff's rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(1). Count II alleges that TLC impermissibly retaliated against plaintiff for the exercise of her FMLA rights, in violation 29 U.S.C. § 2615(a)(2). Count III is entitled "TLC Learning Center's Discriminatory Conduct with Respect to the Family Medical Leave Act," and alleges that TLC discriminated against plaintiff based on her Mexican ancestry. Plaintiff cites no statutory provision beyond the FMLA generally for this count. Count IV is entitled "TLC Learning Center's National Origin Discrimination with Respect to the Family Medical Leave Act," and alleges that TLC discriminated against plaintiff based on her national origin. Plaintiff cites no statutory provision beyond the FMLA generally for this count.

"To show a violation of FMLA rights, plaintiffs must show that they are eligible for FMLA protection, their employer is covered by the Act, they are entitled to leave, they provided the appropriate notice, and their employer denied them benefits to which they were entitled." Daugherty v. Wabash Ctr., Inc., 577 F.3d 747, 750 (7th Cir. 2009) (citing Smith v. Hope Sch.,

560 F.3d 694, 699 (7th Cir. 2009)). Defendants argue that all four FMLA claims should be dismissed because plaintiff has failed to allege that she is an eligible employee under the FMLA.[1] Under 29 U.S.C. § 2611(2)(a), an "'eligible employee' means an employee who has been employed-- (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." In her complaint, plaintiff states that she began working for defendants in June 2008, began her leave in April 2012, and that she was fired in June 2012. Defendants argue that since plaintiff has not alleged that she worked the requisite 1,250 hours in the 12 months preceding her leave, these counts must be dismissed.

As noted above, the court construes a pro se complaint liberally and "take[s] appropriate measures to permit the adjudication of pro se claims on the merits, rather than to order their dismissal on technical grounds." Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996). Plaintiff's pleading puts defendants on reasonable notice as to her claims and, liberally construed, satisfies the pleading standard. Additionally, plaintiff's complaint states that she was granted FMLA leave by defendants, which supports plaintiff's allegation that she is an eligible employee.

Defendants also argue that Counts III and IV should be dismissed on alternate grounds. Defendants claim that Count III, the allegation of discrimination based on ancestry, is essentially the same claim as Count I, which alleges interference with FMLA rights. As noted above, the statute provides that an employer may not "interfere with, restrain, or deny the exercise of or the

---

[1] Defendants claim to reserve the right to argue that defendants are not covered by the FMLA at the summary judgment stage.

4

attempt to exercise" FMLA rights, 29 U.S.C. § 2615(a)(1), or "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful" by the Act, 29 U.S.C. § 2615(a)(2). The Seventh Circuit has therefore recognized that "[a] claim under the FMLA for wrongful termination can be brought under either a discrimination/retaliation or interference/entitlement theory." Kauffman v. Fed. Exp. Corp., 426 F.3d 880, 884 (7th Cir. 2005). The statutory language of the FMLA does not create a separate rights of action for retaliation and discrimination based on ancestry; 29 U.S.C. § 2615(a)(2) encompasses both retaliation and discrimination theories, but those theories are based on an employer taking action because an employee exercised FMLA rights. There is no separate cause of action for discrimination based on race in the FMLA. Because Count III does not state a claim under the FMLA, the court grants defendants' motion to dismiss Count III.

Defendant argues that Count IV should be dismissed for the same reasons as Count III. Count IV alleges national origin discrimination under the FMLA, and like Count III purports to state a claim under a discrimination/retaliation theory. As noted above, the FMLA provides a cause of action for discrimination based on exercise of FMLA rights, not discrimination based on national origin. Because Count IV does not state a claim under the FMLA, the court grants defendants' motion to dismiss Count IV.

**C.     Count V Against TLC**

Count V of the amended complaint alleges association discrimination under the ADA. Under 42 U.S.C. § 12112(a), a covered entity may not "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms,

conditions, and privileges of employment." Discrimination on the basis of a disability includes "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). The Seventh Circuit has recognized three types of associational cases: "expense," "disability by association," and "distraction." Larimer v. Int'l Bus. Machines Corp., 370 F.3d 698, 700 (7th Cir. 2004). In Larimer, the court illustrated the types of cases as follows: in the expense case, a disabled individual may be covered by the employee's health plan and therefore costly to the employer; in the association case, the disability may be communicable and the employer fears the employee may develop the disability; in the distraction case, the employee may be somewhat inattentive at work because the associated disabled individual requires his attention. To state a claim for associational discrimination under the ADA, a plaintiff must allege that: "(1) she was qualified for the job at the time of the adverse employment action; (2) she was subjected to an adverse employment action; (3) she was known by her employer at the time to have a relative or associate with a disability; and (4) her case falls into one of the three relevant categories of expense, distraction, or association." Dewitt v. Proctor Hosp., 517 F.3d 944, 948 (7th Cir. 2008) (citing Larimer, 370 F.3d at 701-702).

Defendants claim that plaintiff has failed to allege that her husband had a disability as defined by the ADA, or that her claim falls into one of the three potential categories of associational discrimination. Under 42 U.S.C. § 12102(1)(a), a disability is "a physical or mental impairment that substantially limits one or more major life activities of such individual." Subsection § 12102(2)(a) provides a non-exhaustive list of major life activities, including:

"caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." The "substantially limits" standard is not intended to be demanding. 29 C.F.R. § 1630.2(j)(1)(i). The impairment "need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting." Id. In her complaint, plaintiff alleges that her husband faced serious liver problems, kidney problems, and other medical conditions, and that medical staff informed her that her husband would need physical therapy to learn to walk again. She also alleges that his medial problems "adversely affected his brain cells." Plaintiff has clearly and sufficiently alleged that her husband was limited in his ability to walk and to think, which are among the enumerated major life activities under the ADA.[2] Plaintiff, however, has failed to allege that her claim falls into one of the three categories of associational claims. The court therefore grants defendants' motion to dismiss Count V of the amended complaint and grants plaintiff leave to file an amended complaint addressing this deficiency, if desired.

### D.    Counts VI and VII Against TLC

Counts VI and VII of plaintiff's amended complaint allege unlawful termination on the basis of national origin and race, respectively, in violation of Title VII. Under Title VII, it is unlawful for any employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or

---

[2] Curiously, defendants (who are represented by an attorney) make the ridiculous argument that the ADA does not define "major life activities." Of course, defendants are wrong. See 42 U.S.C. § 12102(2)(A), (B). Defendants are also wrong to claim that the statute does not address the definition of "substantially limits." See 42 U.S.C. § 12102(4)(B), (E). Counsel should be more careful in raising such arguments, especially in opposition to a pro se litigant.

privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Prior to filing a complaint based on Title VII, a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and receive a right to sue letter from the EEOC. <u>See</u> 42 U.S.C. § 2000e-5. As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge. <u>Alexander v. Gardner–Denver Co.</u>, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). Although a plaintiff need not allege every fact that forms the basis for her complaint, the claims in a complaint must be "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." <u>Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.</u>, 538 F.2d 164, 167 (7th Cir. 1976) (en banc) (internal citations omitted).

On her EEOC form, plaintiff alleged that she was discriminated against because she is Mexican and checked the box for national origin discrimination. Defendants claim that plaintiff is barred from bringing a claim for race discrimination (Count VII) because her EEOC charge alleged discrimination based only on national origin (in addition to her ADA claim). Plaintiff counters that race and national origin are interrelated, and her EEOC charge therefore put defendants on notice of her claims. Plaintiff relies on <u>Torres v. City of Chicago</u>, No. 99 C 6622, 2000 WL 549588 (N.D. Ill. May 1, 2000), where complainants filed an EEOC charge based on national origin and listed their nationality as "Hispanic." In <u>Torres</u>, the court found that because the term "Hispanic" both referred to race and national origin, the use of the word "Hispanic" would "reasonably cause the EEOC to investigate discrimination based both on national origin and race." <u>Id</u>. at *2; <u>see also</u> <u>Oranika v. City of Chicago</u>, No. 04 C 8113, 2005 WL 2663562, at

8

\*3–4 (N.D. Ill. Oct.17, 2005) (race discrimination claim was reasonably related to EEOC charge alleging discrimination on the basis that plaintiff was Nigerian); Gaytan v. City of Chicago, 11 CV 8624, 2012 WL 2597932 (N.D. Ill. July 5, 2012) (plaintiff's race discrimination charge was reasonably related to his EEOC charge alleging discrimination on the basis of his Mexican and Hispanic ancestry); but see Padron v. Wal–Mart Stores, Inc., 783 F.Supp.2d 1042, 1048–49 (N.D. Ill. 2011) (race discrimination claim not reasonably related to charge alleging discrimination based on plaintiffs' national origin, which was Cuban). Although plaintiff checked only the "national origin" box and indicated that she was discriminated against because she is Mexican, her description of her claim would likely cause the EEOC to investigate discrimination based on both race and national origin. Defendants' motion to dismiss Count VII is therefore denied.

Defendants also argue that Count VI, discrimination based on national origin, should be dismissed for failure to state a claim. Defendants claim that for plaintiff to establish a prima facie claim of discrimination based on national origin, she must allege that: "(1) [she] belongs to a protected class; (2) [her] performance met [her] employer's legitimate expectations; (3) [she] suffered an adverse employment action; and (4) similarly situated others not in [her] protected class received more favorable treatment." Brummett v. Sinclair Broad. Group, Inc., 414 F.3d 686, 692 (7th Cir. 2005). Defendant claims that plaintiff has not alleged facts to determine that her performance met her employer's legitimate expectations and must be dismissed as a result. To survive a Rule 12(b)(6) motion to dismiss, however, plaintiff need only allege "that plaintiff was terminated or denied promotion due to [her] national origin." Saldana v. City of Chicago, 972 F. Supp. 453, 457 (N.D. Ill. 1997). Plaintiff has alleged as much in her complaint.

9

Defendant also argues that this count should be dismissed because it is essentially the same as the cause of action articulated in Count II, which alleges retaliation/discrimination in connection with the FMLA. Under Rule 8(d) of the Federal Rules of Civil Procedure, plaintiff may properly plead alternative theories in her complaint and bring claims under both statutes, if desired. Defendants' motion to dismiss Count VI is therefore denied.

**E.      Counts VIII and IX Against Forkan**

Counts VIII and IX of the amended complaint allege racial discrimination in violation of 42 U.S.C. § 1981. Section 1981 provides that "[a]ll persons ... shall have the same right ... to make and enforce contracts, ... as is enjoyed by white citizens." 42 U.S.C. § 1981(a).

Defendants claim that Count VIII must be dismissed because plaintiff alleges discrimination based on national origin, not race, and the statute speaks explicitly of race. The Seventh Circuit has noted that "[a]lthough national origin discrimination is not expressly prohibited under section 1981, the Supreme Court has defined the term "race" in section 1981 broadly to include identifiable classes of persons subjected to intentional discrimination on the basis of their ancestry or ethnic characteristics." Ptasznik v. St. Joseph Hosp., 464 F.3d 691, 695 n. 4 (7th Cir. 2006). As a result, the court will not dismiss Count VIII on this ground.

Defendants further claim that Counts VIII and IX should be dismissed because plaintiff was an at-will employee and at-will employment contracts do not constitute sufficient employment contracts. In support of this argument, defendants cite Gonzalez v. Ingersoll Milling Mach. Co., 133 F.3d 1025, 1035 (7th Cir. 1998), which stated in dicta that at-will employees cannot maintain claims under § 1981. Since Gonzales, the Seventh Circuit has taken a different position on at-will employees. In Walker v. Abbott Laboratories, 340 F.3d 471, 478

10

(7th Cir. 2003), the court held that the plaintiff's at-will employment relationship was sufficiently contractual in nature to maintain a § 1981 action. The court will therefore not dismiss Counts VIII and IX on the basis that plaintiff was an at-will employee.

Additionally, defendants argue that Counts VIII and IX should be dismissed because plaintiff has not pled "but-for causation." Defendants cite Fairley v. Andrews, 578 F.3d 518, 525-526 (7th Cir. 2009), for this proposition, but the sufficiency of pleadings was not at issue in Fairley. Plaintiff need not establish but-for causation at the pleadings stage. To state a claim under Section 1981, a plaintiff must allege that: "(1) [she is a] member[] of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the making and enforcing of a contract)." Morris v. Off. Max, Inc., 89 F.3d 411, 413 (7th Cir. 1996). The court therefore will not dismiss Counts VIII and IX on the basis that plaintiff has not plead "but-for causation," and defendants' motion to dismiss these counts is denied.

F.  **Count X Against Forkan**

Count X of the amended complaint alleges intentional infliction of emotional distress (IIED), in violation of Illinois common law. Defendants argue that plaintiff's IIED claim is preempted by the Illinois Human Rights Act ("IHRA"), 775 ILCS § 5/8-111(c).[3] "An Illinois state tort claim is preempted by the IHRA only if it is 'inextricably linked' to a civil rights violation, such that there is no independent basis for the tort claim apart from legal duties created by the IHRA." Spahn v. Int'l Quality & Productivity Ctr., 211 F. Supp. 2d 1072, 1074 (N.D. Ill.

---

[3]Plaintiff omits any argument about Count X from her response to defendant's motion to dismiss.

2002) (citing Maksimovic v. Tsogalis, 177 Ill.2d 511, 227 Ill.Dec. 98, 687 N.E.2d 21, 23-24 (1997)). The critical question to determine preemption is whether "plaintiff can establish the necessary elements of the tort independent of any legal duties created by the Illinois Human Rights Act." Maksimovic, 177 Ill.2d at 519.

Plaintiff's IIED claim in her amended complaint contains very few allegations, and states that "[d]efendants' wilful disregard of the law, as mentioned in paragraphs 6 through 27, supra, was extreme and outrageous as well as utterly intolerable in a civilized society." Plaintiff's IIED theory, as articulated in paragraphs 6 through 27, is based primarily on her claims of FMLA, race, and disability discrimination, which form the "core" of her theory. Smith v. Chicago Sch. Reform Bd. of Trustees, 165 F.3d 1142, 1151 (7th Cir. 1999) (finding preemption where racial discrimination was not merely incidental to the claim of IIED but rather the core of plaintiff's theory). Because plaintiff's IIED claim is inextricably linked to her claims of FMLA, disability, and race discrimination, it is preempted by the IHRA. See Stansberry v. Uhlich Children's Home, 264 F.Supp.2d 681, 690 (N.D. Ill. May 21, 2003) (IIED claims barred by IHRA where they were inextricably linked to Title VII claims); Harrington-Grant v. Loomis, Fargo & Co., 2002 WL 47152, at *5 (N.D. Ill. Jan.11, 2002) (IIED claims barred by IHRA where they were inextricably linked to Title VII and FMLA claims). The court therefore grants defendants' motion to dismiss Count X.

## CONCLUSION

For the reasons described above, the court grants defendants' motion to dismiss Counts III, IV, V, and X, and denies defendants' motion to dismiss Counts I, II, VI, VII, VIII and IX. Plaintiff is directed to file an amended complaint conforming to this opinion on or before April

16, 2013; defendants are directed to answer the amended complaint on or before May 7, 2013. The parties are directed to prepare and file a Joint Status Report using this court's form on or before May 14, 2013. This matter is set for a report on status on May 21, 2013, at 9:00 a.m.

**Enter: March 26, 2013**

_____
**Robert W. Gettleman
United States District Judge**